1  JAMES A. SARRAIL, ESQ. (SBN 43075)
   MONICA CASTILLO, ESQ. (SBN 146154)
2  SARRAIL, CASTILLO & HALL, LLP
   111 Anza Blvd., Suite 203
3  Burlingame, CA 94010
   Telephone:  (650) 685-9200
4  Facsimile:    (650) 685-9206

5  Attorneys for Plaintiff Richard Johnson

6

7

8              UNITED STATES DISTRICT COURT

9        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  RICHARD JOHNSON,                    )   Case No.:
                                        )
12              Plaintiff,              )   **COMPLAINT FOR PRELIMINARY AND**
                                        )   **PERMANENT INJUNCTIVE RELIEF**
13      vs.                             )   **AND DAMAGES: DENIAL OF CIVIL**
                                        )   **RIGHTS AND ACCESS TO PUBLIC**
14  HARRY'S HOFBRAU, INC.; OWNER        )   **FACILITIES TO PHYSICALLY**
    OF 390 SARATOGA AVENUE, SAN         )   **DISABLED PERSONS, PER**
15  JOSE; and DOES 1-10, Inclusive,     )   **CALIFORNIA STATUTES (INCLUDING**
                                        )   **CIVIL CODE §§ 51, 52, 54, 54.1, 54.3,**
16              Defendants.             )   **54.4 AND 55), INJUNCTIVE RELIEF**
                                        )   **PER TITLE III, AMERICANS WITH**
                                            **DISABILITIES ACT OF 1990**
17
                                            **DEMAND FOR JURY TRIAL**
18

19

20

21      Plaintiff, RICHARD JOHNSON ("JOHNSON") complains of defendants HARRY'S

22  HOFBRAU, INC.; OWNER OF 390 SARATOGA AVENUE, SAN JOSE and DOES 1-10,

23  Inclusive, and each of them, and alleges as follows:

    **A. INTRODUCTION**

24      1. This case involves the denial of accessible public facilities to JOHNSON and other

25  disabled persons at the Harry's Hofbrau restaurant ("HARRY'S HOFBRAU") located at 390

26  Saratoga Avenue, San Jose, California 95129. JOHNSON, a qualified disabled person,

27  experienced numerous barriers to access as a result of the access violations at HARRY'S

28

_____
**COMPLAINT**                                                        1

1  HOFBRAU, including but not limited to parking surfaces, pathways, counters, signage,
2  access aisles, doors, doorways, and bathrooms. JOHNSON has been a disabled individual
3  since an accident left him paraplegic in or about July 2009 and is a "person with a disability"
4  or a "physically handicapped person". JOHNSON uses a wheelchair when ambulating and
5  is unable to use portions of public facilities which are not accessible to disabled persons,
6  including those who use a wheelchair. JOHNSON was denied his rights to full and equal
7  access at these facilities, and was denied his civil rights under both California law and
8  federal law, because these facilities were not, and are not now, properly accessible to
9  physically disabled person, including those who use a wheelchair. JOHNSON seeks
10 injunctive relief to require defendants to make these facilities accessible to disabled persons
11 and to ensure that any disabled person who attempts to use HARRY'S HOFBRAU will be
12 provided properly disabled-accessible facilities. JOHNSON also seeks recovery of damages
13 for his discriminatory experiences and denial of access and civil rights, which denial is
14 continuing as a result of defendants' failure and refusal to provide disabled-accessible
15 facilities. JOHNSON also seeks recovery of reasonable statutory attorney fees, litigation
16 expenses and costs.

17 **B. JURISDICTION**

18     2. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations
19 of the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. Pursuant to pendant
20 jurisdiction, attendant and related causes of action arising from the same facts are also
21 brought under California law, including but not limited to violations of California Government
22 Code §§4450 et seq, California Civil Code §§51, 52, 54, 54.1, 54.4 and 55; and Title 24
23 California Code of Regulations.

24 **C. VENUE**

25     3. Venue is proper in this court pursuant to 28 USC §1391(b)and is founded on the
26 fact that the real property which is the subject of this action is located in this district, that
27 JOHNSON resides in this district and that JOHNSON's causes of action arose in this
28 district.

---

**COMPLAINT**

1  D. **INTRADISTRICT**

2      4. This case should be assigned to the San Jose intradistrict as the real property

3  which is the subject of this action is located in this intradistrict and JOHNSON's causes of

4  action arose in this district.

5  E. **PARTIES**

6      5. Plaintiff, RICHARD JOHNSON, is a qualified physically disabled person who has

7  been disabled since an accident left him paraplegic in or about July 2009 and is a "person

8  with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when

9  ambulating , and is a "disabled" person within the meaning of Civil Code §54 and §54.1.

10 Defendants, HARRY'S HOFBRAU, INC.; OWNER OF 390 SARATOGA AVENUE, SAN

11 JOSE; and DOES 1-10, Inclusive, are the owners, subsidiaries, operators, lessors and

12 lessees of the business property, buildings and/or portions thereof known as Harry's

13 Hofbrau restaurant ("HARRY'S HOFBRAU"), located at 390 Saratoga Avenue, San Jose,

14 California 95129. HARRY'S HOFBRAU is a "public accommodation" and "business

15 establishment" subject to the requirements of California Civil Code §§51 et seq and  §§54.

16 HARRY'S HOFBRAU, since July 1, 1982, has undergone construction and/or "alterations,

17 structural repairs, or additions", subjecting such facility to disabled access requirements of

18 California Title 24, the State Building Code. Further, irrespective of the alteration history,

19 such premises are subject to the "readily achievable" barrier removal requirements of Title

20 III of the Americans with Disabilities Act of 1990.

21      6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are

22 unknown to JOHNSON, who therefore sues said defendants by such fictitious names.

23 JOHNSON is informed and believes and alleges thereon that each of the defendants herein

24 designated as "Doe" is legally responsible in some manner for the events and happenings

25 herein referred to and caused injury and damages proximately thereby to JOHNSON.

26 JOHNSON prays leave of Court to amend this Complaint to show such true names and

27 capacities when the same have been ascertained.

28

**COMPLAINT**                                                                                          3

7. Defendants  HARRY'S HOFBRAU, INC.; OWNER OF 390 SARATOGA AVENUE, SAN JOSE; and Does 1 through 10, Inclusive, are and were the owners, subsidiaries, operators, lessees and/or lessors of the subject property and/or buildings at all times relevant to this Complaint. JOHNSON is informed and believes and alleges thereon that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION**
**DENIAL OF FULL AND EQUAL ACCESS TO**
**PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Govt. Code §4450 et seq; Civil Code §§54, 54.1 et seq)**

8. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately plead hereafter.

9. JOHNSON and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Government Code §4450 et seq. JOHNSON is a member of that portion of the public whose rights are protected by the provisions of California Government Code §4450 et seq. and Civil Code §§ 54 and 54.1.

10. Government Code §4450 et seq were enacted "to ensure that all buildings, structures, sidewalks, curbs, and related facilities, constructed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities". On information and belief, Government Code §4450 et seq apply to HARRY'S HOFBRAU. Civil Code §54 provides that: "Individuals with disabilities or medical conditions have the same right as the general

public to the full and free use of the streets, highways, sidewalks, walkways, public
buildings, medical facilities, including hospitals, clinics, and physicians' offices, public
facilities, and other public places. " Civil Code §54.1 provides that: "Individuals with
disabilities shall be entitled to full and equal access, as other members of the general
public, to accommodations..." The codes relating to such public accommodations also
require that "[w]hen sanitary facilities are made available for the public, clients or
employees....they shall be made available for persons with disabilities." Title 24, California
Code of Regulations, formerly known as the California Administrative Code, was in effect
at the time of each alteration which occurred at such public facility since July 1, 1982, thus
requiring access complying with the specifications of Title 24 whenever each such
"alteration, structural repair or addition" was carried out. Defendants and/or their
predecessors in interest carried out alterations, structural repairs or additions to the subject
building and its parking facilities during the period Title 24 has been in effect.

     11. JOHNSON has been a disabled individual since an accident left him paraplegic
in or about July 2009. His first visit to HARRY'S HOFBRAU was on or about September 24,
2015, when he and a friend wanted a meal prior to a show. His second visit was on October
6, 2015. During both of his visits to HARRY'S HOFBRAU, he has experienced numerous
barriers to access in violation of both federal and state access for disabled people laws,
including but not limited to the following:

- JOHNSON experienced difficulties navigating the parking lot because:
  - the parking depth is too short;
  - the access aisle depth is too short;
  - the lack of a path of travel to the front entrance
  - the tow away sign has no information;
  - the access aisle is painted white;
  - parking signs are non-compliant;  and
  - there is no path from the public right-of-way
- JOHNSON experienced difficulties entering the business because:

**COMPLAINT**    5

1          •    the entrance door is heavy and fast-closing.

2    •    JOHNSON experienced difficulties inside the business because:

3          •    the counter seating does not provide equal enjoyment of goods and

4               services;

5          •    table seating is tight and non-compliant;

6          •    interior path of travel is tight;

7          •    no clear directional signage within the restaurant to the ADA bathroom.

8    •    JOHNSON experienced difficulties inside the two bathrooms because:

9          •    the 1st and 2nd bathrooms lack stall turning space;

10         •    the 1st and 2nd bathrooms' grab bars are improper;

11         •    the 1st and 2nd bathrooms' toilet paper seats are unreachable;

12         •    the 1st and 2nd bathrooms' doors close fast and are heavy to open;

13         •    the 1st and 2nd bathrooms' paper towel and soap dispensers are

14              unreachable;

15         •    the 1st and 2nd bathrooms' mirrors are too high;

16         •    the under-sink pipes in the 1st and 2nd bathrooms are unprotected;

17         •    signage is not compliant in either bathroom;

18         •    the 2nd bathroom's door does not fully open; and

19         •    the 2nd bathroom's main door is blocked.

20

21   These barriers have rendered HARRY'S HOFBRAU and its premises illegally inaccessible

22   to and unuseable by physically disabled persons, including JOHNSON. All facilities must

23   be brought into compliance with applicable federal and state statutory and regulatory

24   requirements, according to proof.

25          12. Further, each and every violation of the Americans with Disabilities Act of 1990

26   (as pled in the Third Cause of Action below), also constitutes a separate and distinct

27   violation of California Civil Code §54(c), thus independently justifying an award of damages

28

---

**COMPLAINT**                                                                                            6

1  and injunctive relief pursuant to California law, including but not limited to, Civil Code §§54.3
2  and 55.

3      13. Further, each and every violation of the Americans with Disabilities Act of 1990
4  (as pled in the Third Cause of Action below), also constitutes a separate and distinct
5  violation of California Civil Code §54.1(d), thus independently justifying an award of
6  damages and injunctive relief pursuant to California law, including but not limited to, Civil
7  Code §§54.3 and 55.

8      14. JOHNSON seeks injunctive relief to prohibit the acts and omissions of
9  defendants as complained of herein, which are continuing on a daily basis and which have
10  wrongfully excluded JOHNSON and other similarly situated members of the public from full
11  and equal access to these public facilities. Such acts and omissions are the cause of
12  humiliation and mental and emotional suffering of JOHNSON in that these actions continue
13  to treat JOHNSON as an inferior and second class citizen and serve to discriminate against
14  him on the sole basis that he is a person with a disability who requires the use of a
15  wheelchair for movement. JOHNSON is unable, so long as such acts and omissions of
16  defendants continue, to achieve equal access to and use of these public facilities, and has
17  been harmed as a result of trying to access the facilities and/or has been deterred and
18  unable to access the facilities. JOHNSON alleges that he intends to return and purchase
19  additional parts for vehicles once legally required access has been provided. The acts of
20  defendants have proximately caused and will continue to cause irreparable harm and injury
21  to JOHNSON if not enjoined by this court.

22     15. Whereas, JOHNSON asks this court to preliminarily and permanently enjoin any
23  continuing refusal by defendants to grant full and equal access to JOHNSON in the respects
24  complained of and to require defendants to comply forewith with the applicable statutory
25  requirements relating to access for disabled persons. Such injunctive relief is provided by
26  California Government Code §4452 and California Civil Code §55, and other law.
27  JOHNSON further requests that the court award damages pursuant to Civil Code §54.3 and

28

COMPLAINT                                                                     7

1 | other law and attorney fees, litigation expenses, and costs pursuant to Civil Code §54.3 and
2 | 455, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

3 |     16. As a result of the denial of equal access to these facilities, and due to the acts
4 | and omissions of defendants and each of them in owning, subsidizing, operating, leasing,
5 | constructing, altering and maintaining the subject facilities, JOHNSON suffered a violation
6 | of his civil rights, including but not limited to, rights under Civil Code §§54 and 54.1, all to
7 | his damages per Civil Code §54.3, including general, statutory and treble damages, as
8 | hereinafter stated. Defendants' actions and omissions to act constitute discrimination
9 | against JOHNSON on the sole basis that he was and is physically disabled and unable,
10 | because of the architectural and other barriers created and/or maintained by the defendants
11 | in violation of the subject laws, to use the public facilities on a full and equal basis as other
12 | persons.

13 |     17. At all times herein mentioned, defendants knew, or in the exercise of reasonable
14 | diligence should have known, that their barriers and practices at their subject facilities
15 | violated disabled access requirements and standards and had a discriminatory affect upon
16 | JOHNSON and upon other physically disabled persons, but defendants have failed and
17 | refused to rectify these violations, and presently continue a course of conduct of failure to
18 | remove architectural barriers that discriminate against JOHNSON and similarly situated
19 | disabled persons.

20 |     18. As a result of defendants' acts, omissions and conduct, JOHNSON has been
21 | required to incur attorney fees, litigation expenses and costs, in order to enforce his rights
22 | and to enforce provisions of the law protecting access for disabled persons and prohibiting
23 | discrimination against disabled persons. JOHNSON therefore seeks recovery of all
24 | reasonable attorney fees and costs, pursuant to the provisions of California Civil Code
25 | §§54.3 and 55. Additionally, JOHNSON's lawsuit is intended to require that defendants
26 | make their facilities accessible to all disabled members of the public, justifying "public
27 | interest" attorney fees and costs pursuant to the provisions of California Code of Civil
28 | Procedure §1021.5 and other applicable law.

---

**COMPLAINT**                                                                                          8

1    WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
2  stated.

3
                          **SECOND CAUSE OF ACTION**
4  **VIOLATION OF CALIFORNIA LAW: UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§51, 52,
   and AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §51(f)**
5

6    19. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the
7  factual allegations contained in Paragraphs 1 through 18, above, and incorporates them
8  herein by reference as if separately plead hereafter.

9    20. At all times relevant to this complaint, California Civil Code §51 has provided that
10 physically disabled persons are free and equal citizens of the state, regardless of medical
11 condition or disability.

12   21. California Civil Code §52 provides that discrimination by defendants against
13 JOHNSON on the basis of his disability constitutes a violation of the anti-discrimination
14 provision of §51 and 52.

15   22. Defendants' discrimination also constitutes a separate and distinct violation of
16 California Civil Code §52.

17   23. Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third
18 Cause of Action) constitutes a violation of California Civil Code §51(f) thus independently
19 justifying an award of damages and injunctive relief pursuant to California law.

20   24. The acts and omissions of defendants as herein alleged constitute a denial of
21 access to and use of the described public facilities by physically disabled persons within the
22 meaning of California Civil Code §§51 and 52. As a proximate result of defendants' actions
23 and omissions, defendants have discriminated against JOHNSON in violation of California
24 Civil Code §§51 and 52.

25   25. As a result of defendants' acts, omissions and conduct, JOHNSON has been
26 required to incur attorney fees, litigation expenses and costs as provided by statute, in order
27 to enforce his rights and to enforce provisions of the law protecting access for disabled
28 persons and prohibiting discrimination against disabled persons. JOHNSON therefore seeks

---

**COMPLAINT**                                                                          9

recovery of all reasonable attorney fees and costs, pursuant to the provisions of California Civil Code §§51 and 52. Additionally, JOHNSON's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION
### VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. §§12101 et seq

26. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 25, above, and incorporates them herein by reference as if separately plead hereafter.

27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress' stated purpose, in relevant part, was to mandate a national prohibition of discrimination against physically disabled persons and to provide standards to address the discrimination.

28. As part of the ADA, Congress passed the definition of " Public Accommodation" to include "...other sales or rental establishment" (42 U.S.C. §12181(7)(E).

29. The ADA clearly states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. §12182. The specific prohibitions against discrimination included, but were not limited to the following:

(a) §302(b)(1)(A)(ii): "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity

---

**COMPLAINT**                                                                 10

to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

(b) §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."

(c) §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services..."

(d) §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities...where such removal is readily achievable;" and

(e) §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of JOHNSON's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 et seq.

30. The removal of each of the barriers complained of by JOHNSON as alleged above were at all times herein mentioned since January 26, 1992 "readily achievable" under the standards of §302 of the ADA. As noted above, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirement for removal of barriers to access for disabled persons per §303 of the ADA.

1    31. JOHNSON is informed and believes and alleges thereon that, as of the date of
2    his encounter of the premises and as of the filing of this Complaint, the premises have
3    denied and continue to deny full and equal access to JOHNSON and to other disabled
4    persons in other respects which violate JOHNSON's rights to full and equal access and
5    which discriminate against JOHNSON on the basis of his disability, thus wrongfully denying
6    to JOHNSON the full and equal enjoyment of the goods, services, facilities, privileges,
7    advantages and accommodations, in violation of §§302 and 303 of the ADA.

8    32. JOHNSON is informed and believes and alleges thereon that defendants have
9    continued to violate the law and deny the rights of JOHNSON and other disabled persons
10   access to HARRY'S HOFBRAU since on or before JOHNSON's encounters, as previously
11   noted. Pursuant to the ADA, §308, 42 U.S.C. 12188 et seq, JOHNSON is entitled to the
12   remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C.
13   2000a-3(a), as JOHNSON is being subjected to discrimination on the basis of disability in
14   violation of the ADA or has reasonable grounds for believing that he is about to be
15   subjected to discrimination. Pursuant to §308(a)(2), "In cases of violations of
16   §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to
17   make such facilities readily accessible to and useable by individuals with disabilities to the
18   extent required by this title."

19   33. JOHNSON seeks relief pursuant to remedies set forth in §204(a) of the Civil
20   Rights Act of 1964, 42 U.S.C. 2000a-3(a), and pursuant to Federal Regulations adopted to
21   implement the ADA. JOHNSON is a qualified disabled person for purposes of §308(a) of
22   the ADA who is being subjected to discrimination on the basis of disability in violation of
23   Title III and who has reasonable grounds for believing he will be subjected to such
24   discrimination each time he attempts to use the facilities at HARRY'S HOFBRAU.

25   WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
26   stated.

27                                    **PRAYER**

28   JOHNSON prays that this court:

---

**COMPLAINT**                                                                 12

1.  Issue a preliminary and permanent injunction directing defendants as current owners, subsidiaries, operators, lessors, and/or lessees of the property and premises to modify the above-described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities such as wheelchair users, and issue a preliminary and permanent injunction directing defendants to provide facilities useable by JOHNSON and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2.  Retain jurisdiction over the defendants until such time as the court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur and can not recur;

3.  Award to JOHNSON all appropriate damages, including but not limited to statutory damages, personal injury damages, general damages, and treble damages in an amount within the jurisdiction of the court, all according to proof;

4.  Award to JOHNSON all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.  Award prejudgement interest pursuant to California Civil Code §3291; and

6.  Grant such other and further relief as this court may deem just and proper.

Dated: March 30, 2016                    SARRAIL, CASTILLO & HALL, LLP


                                         By: _____
                                             Monica Castillo
                                             Attorneys for Plaintiff
                                             RICHARD JOHNSON

///
///
///
///
///

**COMPLAINT**                                                                 13

1

**DEMAND FOR JURY**

2          JOHNSON hereby demands a jury for all clams for which a jury is permitted.

3

4   Dated: March 30, 2016                    SARRAIL, CASTILLO & HALL, LLP

5

6                                      By:_____

7                                          Monica Castillo
                                           Attorneys for Plaintiff
8                                          RICHARD JOHNSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                                                              14